J-S07023-21, J-S07024-21, J-S07025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN SHYHIME JEFFERSON | : | |
| | : | |
| Appellant | : | No. 762 WDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000884-2019,
CP-11-CR-0000885-2019, CP-11-CR-0000886-2019,
CP-11-CR-0000887-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN SHYHIME JEFFERSON | : | |
| | : | |
| Appellant | : | No. 812 WDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000884-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN SHYHIME JEFFERSON | : | |
| | : | |

- 1 -

|  |  |  |
|---|---|---|
| Appellant | : | No. 813 WDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000886-2019

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SHAWN SHYHIME JEFFERSON | : |  |
|  | : |  |
| Appellant | : | No. 1214 WDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000887-2019

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SHAWN SHYHIME JEFFERSON | : |  |
|  | : |  |
| Appellant | : | No. 1215 WDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000886-2019

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

SHAWN SHYHIME JEFFERSON : 
                                   : 
           Appellant :      No. 1216 WDA 2020

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000885-2019


COMMONWEALTH OF PENNSYLVANIA :     IN THE SUPERIOR COURT OF
                                     :                   PENNSYLVANIA
                                     : 
            v. : 
                                     : 
                                     : 
SHAWN SHYHIME JEFFERSON : 
                                     : 
           Appellant :      No. 1217 WDA 2020

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000884-2019


BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                **FILED: MAY 19, 2021**

Appellant, Shawn Shyhime Jefferson, appeals from the Order filed on June 22, 2020, dismissing his Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. Appellant alleges that ineffective assistance of counsel caused him to enter an involuntary and unknowing plea. Since Appellant knew before pleading guilty that his minimum sentence would be between 60 and 72 months of incarceration, he cannot prove that his plea was unknowing or involuntary. As a result, we affirm.

On March 4, 2020, Appellant pleaded guilty to Possession with Intent to Deliver and Possession of Drug Paraphernalia.[1] The court sentenced him to an aggregate term of 60 to 120 months' incarceration. On May 15, 2020, Appellant *pro se* filed the instant PCRA Petition, alleging, *inter alia*, that his plea counsel was ineffective.

The court appointed counsel on May 19, 2020. On June 19, 2020, counsel for Appellant filed a Motion to Withdraw accompanied by a **Turner**/**Finley**[2] no-merit letter.

The court held a PCRA Hearing on June 22, 2020, after which it denied Appellant's Petition and granted his counsel's Motion to Withdraw.

Appellant *pro se* filed the instant appeal on July 17, 2020.[3] On July 31, 2020, the PCRA court issued an Order pursuant to Pa.R.A.P. 1925, requiring

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(32), respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] Appellant filed a single Notice of Appeal that lists four separate docket numbers in violation of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). We decline to quash this appeal, however, because the violation occurred due to a breakdown in the court system. In its Order dismissing Appellant's PCRA Petition, the PCRA court listed all four docket numbers and instructed Appellant that he "has thirty (30) days to appeal this Order[.]" Trial Ct. Or., 6/22/20. The court did not advise Appellant of the requirement to file separate notices of appeal at each docket number as required by **Walker**. Considering this, we decline to quash Appellant's appeal. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) ("[This Court] we may overlook the requirements of **Walker** where, as here, a breakdown occurs in the court system[.]").

*(Footnote Continued Next Page)*

Appellant to file a Rule 1925(b) Statement on or before August 21, 2020. Appellant failed to do so. On September 10, 2020, the court issued a Rule 1925(a) Opinion in which it found all of Appellant's issues waived.

On September 21, 2020, this Court issued an Order remanding the case for a **Grazier**[4] Hearing to determine Appellant's entitlement to counsel. The PCRA court appointed counsel on October 8, 2020.

By Order dated November 24, 2020, this Court granted Appellant leave to file a Rule 1925(b) Statement and ordered the trial court to file a responsive Rule 1925(a) Opinion. Appellant and the PCRA court both complied.

Appellant raises a single issue for review:

> The trial court erred in dismissing [] Appellant's PCRA Petition as being without merit; to the contrary, [] Appe[l]lant entered his plea in a manner that was not knowing, willing and competent.

Appellant's Br. at 9.[5]

---

In addition, on July 30 and November 2, 2020, Appellant filed several additional untimely Notices of Appeal related to the same docket numbers. These Notices are moot as we have declined to quash Appellant's July 17, 2020 appeal.

[4] **Commonwealth v. Grazier**, 713 A.2d 81, 81 (Pa. 1998)

[5] This question appears as a header at the start of the Argument section of Appellant's Brief. It does not appear in his Statement of Questions Presented. Rather, Appellant presents a question that is not at issue in this appeal. It appears that Appellant's counsel errantly copied a statement from another appeal. As a result, Appellant has not complied with Pa.R.A.P. 2116(a). This Court may overlook such a defect where, as here, "[the] appellant's brief suggests the specific issue to be reviewed and [the] appellant's failure does not impede our ability to address the merits of the issue." **Werner v. Werner**, 149 A.3d 338, 341 (Pa. Super. 2016) (citation omitted).

Appellant claims that his plea counsel was ineffective for failing to accurately advise him of his sentencing range. Appellant's Br. at 9-15. He claims that counsel informed him, at some point prior to his pleading guilty, that he would serve 9 to 23½ months' incarceration. *Id.* at 14. Instead, the trial court sentenced Appellant to 60 to 120 months' incarceration. *Id.* Appellant claims that counsel's allegedly deficient advice renders his plea unknowing or involuntary. *Id.*

The PCRA court dismissed Appellant's petition, finding that his plea was knowing and voluntary based on the transcript from the plea hearing. Trial Ct. Op., 12/8/20, at 5. Before accepting Appellant's open guilty plea, the trial court informed him that it would impose a standard-range sentence, which was a minimum sentence between 60 and 72 months. *Id.* at 5-8. Appellant acknowledged that he understood and proceeded to plead guilty. *Id.* At sentencing, the trial court imposed am minimum sentence of 60 months. *Id.* As a result, the PCRA court found that Appellant cannot prove that his plea was unknowing or involuntary. *See id.*

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).

A petitioner may be entitled to relief if the petitioner pleads and proves facts establishing ineffectiveness of prior counsel. 42 Pa.C.S. § 9543(a)(2)(ii). However, as a threshold matter, to be granted relief in a claim of ineffectiveness in connection with a guilty plea, the appellant must prove that he entered an unknowing or involuntary plea. *Commonwealth v. Brown*, 48 A.3d 1275, 1278 (Pa. Super. 2012).

In the instant case, the trial court informed Appellant at the plea hearing that it would impose a standard-range sentence, which set the minimum sentence at 60 to 72 months. Appellant acknowledged understanding this and informed the court that he still wanted to plead guilty:

> [COUNSEL FOR APPELLANT]: So, judge, the guidelines on the amount of weight of the fentanyl is offense gravity score of nine. Matching that with a RFEL, **unfortunately the guidelines are 60 to 72 months**.
>
> THE COURT: Okay. Well, [Appellant], they had offered you a plea when this came up. This issue came up, and we wanted it checked. Basically they were offering you a plea to an ungraded felony at 884-2019, a possession, ungraded misdemeanor at 886-2019, and the other two cases would be nol prossed.
>
> So, sir, the question is all yours. Do you want to take the plea[?]
>
> [APPELLANT]: I'm going to take the plea.
>
> * * *
>
> THE COURT: . . . So the bottom line is, you know, where I can exercise my discretion. **Your standard range is 60 to 72.** If you have a favorable PSI, I'll consider being young and foolish and probably hit you in the 60-month range as opposed to 72-month range.
>
> If you come back and I see that in the last five years or so you've been out terrorizing society, chances are I'll give you the 72 range.

[APPELLANT]: Yeah. I understand that. That will never happen. I know for a fact it is my last time.

N.T. Guilty Plea Hearing, 3/4/20, at 3-7 (emphasis added).

The record belies Appellant's claim that he pleaded guilty based on his counsel's pre-hearing advice about sentencing. Rather, immediately before pleading guilty, Appellant acknowledged that the court would impose a minimum 60 to 72-month sentence. Thus, Appellant cannot, as a threshold matter, prove that his plea was unknowing or involuntary, and we need not undertake a full ineffective assistance of counsel analysis.

The evidence of record supports the PCRA court's decision to dismiss and we discern no legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2021